**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE SUBPOENAS SERVED ON PALANTIR TECHNOLOGIES INC. | CASE NO. 1:26-MC-00080-LLA |

**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF PALANTIR TECHNOLOGIES INC.'S MOTION TO TRANSFER CELONIS'S MOTION TO COMPEL DOCUMENTS AND DEPOSITION TESTIMONY AND MOTION TO SEAL**

## I.    INTRODUCTION

Under Federal Rule of Civil Procedure 45(f), Palantir Technologies Inc. moves this Court to transfer Celonis SE and Celonis, Inc.'s[1] Motion to Compel Documents and Deposition Testimony and Motion for Leave to File Documents under Seal[2] to the Northern District of California, where the underlying action *Celonis SE et al.* v. *SAP SE et al.,* No. 3:25-CV-2519-VC and its related discovery disputes are actively being litigated.

This Court should grant Palantir's motion for two reasons. ***First***, as the party subject to the pertinent subpoenas, Palantir consents to the transfer, which is all Rule 45(f) requires for the Court to transfer any subpoena-related motion. ***Second***, even if Palantir's consent were an insufficient basis, exceptional circumstances justify transfer here.

---

[1] Collectively referred herein as "Celonis."
[2] Collectively rereferred herein as "the Celonis Motions" or "Celonis's Motions."

## II.    FACTUAL AND PROCEDURAL BACKGROUND

On March 13, 2025, Celonis sued SAP SE and SAP America, Inc.[3] in the Northern District of California. 25-CV-2519-VC, ECF No. 1. Among other things, Celonis—in its latest 106-page First Amended Complaint—alleges SAP engaged in anticompetitive behavior within the process-mining market in violation of federal antitrust laws. *See id. at* ECF No. 111. SAP has since counterclaimed that Celonis infringed several patents. *Id.* at ECF No. 131. U.S. District Judge Vince Chhabria referred the case to U.S. Magistrate Judge Sallie Kim to resolve all discovery matters. *See id*. at ECF No. 96.

Palantir is not a party in the underlying action. *See* Decl. of Grace Yang in Support of Palantir Technologies Inc.'s Motion to Transfer Celonis's Motion to Compel Documents and Deposition Testimony and Motion to Seal ("Yang Decl.") at ¶ 2. Rather, Palantir is a direct competitor of Celonis and has a commercial relationship with SAP. *Id*. at ¶ 3. Despite Palantir's noninvolvement in Celonis's lawsuit, on January 13, 2026, Celonis subpoenaed Palantir with eighteen requests for various documents and communications. *Id*. at ¶ 4; **Ex. A**. On February 3, 2026, Palantir served its responses and objections. Yang Decl. at ¶ 5; **Ex. B**. Throughout its responses, Palantir emphasized that Celonis's requests were overbroad, that much of the material it sought from Palantir was already available from SAP and thus, more appropriately sought from SAP, that Palantir's internal communications contained proprietary and confidential information and were irrelevant to the underlying action, and that responding to Celonis's requests would create an undue burden on Palantir as a nonparty. *See generally* **Ex. B**.

Despite these objections and concerns, and even after several months of meeting and conferring, Celonis continued to demand that Palantir produce a wide range of highly confidential

---

[3] Collectively referred herein as "SAP."

and sensitive internal documents and communications to its direct competitor without any meaningful narrowing of the scope or burden. Yang Decl. at ¶ 6. Instead of lessening the burden, Celonis added another subpoena for deposition testimony under Rule 30(b)(6). *Id*. at ¶ 7; **Ex. C**. Even though Palantir agreed to produce certain documents while safeguarding against the broad, irrelevant, and burdensome requests, Celonis filed the Celonis Motions in this Court. *See* 1:26-MC-0080-LLA, ECF. No. 1.[4]

These tactics by Celonis are not unique to its dealings with Palantir. Celonis has issued similar subpoenas to other SAP partners and customers who are also nonparties in the underlying action. Yang Decl. at ¶ 8. For example, Celonis issued document and testimony subpoenas to Databricks, Inc.—another nonparty to the underlying action. *See* 25-CV-2519-VC, ECF No. 190 (Motion to Quash Subpoena filed by Databricks, Inc.). When Databricks, Inc. objected, Celonis filed a motion to compel, albeit in the Northern District of California rather than in this Court. *See id*. at ECF No. 192. Both of those motions will be heard on June 22, 2026. *Id*. at ECF No. 202.

Trial for the underlying action is currently set to begin on March 8, 2027. *See* 25-CV-2519-VC, ECF No. 210.[5] As of the date of this filing, the underlying action's docket reflects a deadline to produce documents and serve deposition notices that has already passed. *Id*. (noting a May 27, 2026 deadline to produce documents and serve deposition notices). Further, as of now, depositions must be conducted by June 30, 2026. *Id*. Meanwhile, Celonis and SAP continue to engage in discovery disputes in front of Judge Kim, including disputes related to SAP's production of records

---

[4] Palantir intends to oppose at least Celonis's motion to compel and will seek an order quashing the subpoenas as appropriate, after the Court decides the present transfer motion. Yang Decl. at ¶ 10.

[5] On May 2, 2026, Celonis filed a motion to extend the case schedule and for leave to file a second amended complaint. 25-CV-2519-VC, ECF No. 188.  That motion is scheduled to be heard on June 25, 2026.

concerning the partnership between Palantir and SAP. *See*, *e.g.*, *id*. at ECF No. 214; ECF No. 110 (Order by Judge Kim re: discovery of electronically stored information); ECF No. 163 (Order by Judge Kim re: "discovery dispute regarding Celonis discovery requests"); ECF No. 174 (Order by Judge Kim re: "pending discovery disputes"); ECF No. 184 (Order by Judge Kim re: "discovery dispute regarding deposition"). As of the date of this filing, Judge Kim has not ruled on the motions concerning the subpoenas to Databricks, Inc., nor has she ruled on the dispute regarding SAP's production of records concerning the partnership between Palantir and SAP. Yang Decl. at ¶ 10.

## III.    ARGUMENT

The Court should transfer Celonis's Motions to the Northern District of California. *First*, Palantir consents to the transfer, which alone is sufficient justification under Rule 45(f). ***Second,*** even if Palantir's consent were not enough (it is), exceptional circumstances exist to warrant transfer. In this instance, Judge Kim is best positioned to rule on Celonis's Motions because she is already addressing Celonis's other subpoena-related motions against other nonparties and resolving various, related discovery disputes between the parties—including a dispute about records concerning Palantir. This Court should thus transfer Celonis's Motions to avoid potentially inconsistent rulings and disrupting the Northern District of California's management of the underlying litigation.

### A.    <u>Transfer is appropriate because Palantir consents to the transfer.</u>

The Court should transfer Celonis's Motions because Palantir, as the party subject to the subpoena, consents to the transfer. *See* Fed. R. Civ. Proc. 45(f) (the court may transfer a motion to the issuing court if the person subject to the subpoena consents). Courts in this district have repeatedly transferred subpoena-related motions based on consent alone. *See, e.g.*, *In re Info. Tech. Mgmt. Servs. Inc.*, No. 24-MC-152-ABJ-MJS, 2025 WL 27156, at *3 (D.D.C. Jan. 3, 2025) ("For

starters, ITMS expressly consents to transfer to the District of Minnesota. . . . This alone justifies transfer under Rule 45(f).”); *In re Braden*, 344 F. Supp. 3d 83, 89 (D.D.C. 2018) (“Mr. Braden has consented to the transfer of his motions to quash the subpoenas; in fact, he seeks the transfer. . . . Accordingly, the Court concludes that Federal Rule 45's requirements are met, and it grants Mr. Braden's motions to transfer.”). This is in line with the Advisory Committee Notes to Rule 45. *See* Fed. R. Civ. P. 45, Advisory Comm. Notes (2013 Amendment) (“But transfer to the court where the action is pending is sometimes warranted. If the person subject to the subpoena consents to transfer, Rule 45(f) provides that the court where compliance is required may do so.”). The consent of the party issuing the subpoena is irrelevant to the transfer analysis. *See In re Info. Tech. Mgmt. Servs. Inc.*, 2025 WL 27156, at \*3 n.5 (“Even if Plus did object, the analysis would not change because the consent provision of Rule 45(f) focuses on the party subject to the subpoena, not the party issuing it.”).

Because Palantir consents to transfer, the Court should grant Palantir’s motion.

**B.     <u>Transfer is also appropriate based on exceptional circumstances here.</u>**

Even if the Court is not satisfied with Palantir’s consent as sufficient basis to transfer Celonis’s Motions, the Court should still transfer because exceptional circumstances warrant transferring to the Northern District of California.

Rule 45(f) permits transfer of a subpoena-related motion “if the court finds exceptional circumstances.” While Rule 45 does not define “exceptional circumstances,” the Advisory Committee Notes explain that a court may find that transfer is warranted “to avoid disrupting the issuing court’s management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts.” Fed. R. Civ. P. 45, Advisory Comm. Notes (2013 Amendment). The Notes advise courts to weigh

the interests supporting transfer against the "interests of the nonparty served with the subpoena in obtaining local resolution of the motion." *Id*. To perform this balancing test, courts consider various factors relevant to the underlying litigation, including "the complexity, procedural posture, duration of [*sic*] pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Jud. Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014). One court in this district recently distilled these factors into three categories: (1) whether the issuing court—the destination of the motion if transferred—is in a better position to rule on the motion, (2) whether refusing to transfer the motion in question will disrupt the underlying litigation, and (3) whether transferring the motion will impose undue burdens or costs on the nonparty subpoena recipient. *In re Subpoena to Nat'l Acad. of Scis.*, 347 F.R.D. 45, 48 (D.D.C. 2024).

Here, each of those three categories favor a transfer of Celonis's Motions to the Northern District of California.

1.    The Northern District of California is best positioned to rule on Celonis's Motions.

The Northern District of California is best positioned to rule on Celonis's Motions in several key ways. Courts in this district have recognized that the issuing court is best positioned to rule on a subpoena-related motion when, for example, refusing to transfer would create "a risk of inconsistent results." *Google v. Digit. Citizens All.*, No. 15–00707 JEB/DAR, 2015 WL 4930979, at *3 (citing Fed. R. Civ. P. 45(f), Advisory Comm. Notes (2013 Amendment)); *see Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 46 (D.D.C. 2014) ("[C]ourts have found exceptional circumstances warranting transferring subpoena-related motions . . . when transferring the matter is in the interests of judicial economy and avoiding inconsistent results." (citation modified)). Likewise, the issuing court is best positioned to rule when complex questions of the relevance of the discovery being sought are likely to arise. *See Flynn v. FCA US LLC*, 216 F. Supp. 3d 44, 47

(D.D.C. 2016) ("As other courts have noted, the relevance argument advanced emphasizes the need for the court where the underlying matter lies to decide the matter." (citation modified)); *XY, LLC v. Trans Ova Genetics, L.C.*, 307 F.R.D. 10, 12 (D.D.C. 2014) (same); *cf. Flanagan v. Wyndham Int'l, Inc.*, 231 F.R.D. 98, 103 (D.D.C. 2005) ("A court with jurisdiction over a discovery dispute for an action pending in a different district generally has limited exposure to and understanding of the primary action. A court in such a situation should hence be cautious in determining relevance of evidence[.]" (citation modified)). Finally, the issuing court is best positioned to rule when the judges overseeing a complex underlying litigation already have deep familiarity with that litigation. *See Coal. for App Fairness v. Apple Inc.*, No. 1:21-MC-00098-TNM, 2021 WL 3418805, at *2 (D.D.C. Aug. 5, 2021).

All three of these circumstances are present in this matter. ***First***, there is a real risk of inconsistent results if this Court retains jurisdiction over Celonis's Motions. In *Coalition for App Fairness*, the court held that retaining jurisdiction over a subpoena-related motion would "risk inconsistent rulings" when Apple had filed "nearly identical" motions to compel against nonparties in other districts and at least one court had already transferred that motion back to the site of the underlying litigation. 2021 WL 3418805, at *3; *see also In re Nonparty Subpoenas Duces Tecum*, 327 F.R.D. 23, 26 (D.D.C. 2018) (finding it "would make no sense" for the court to decide a motion to quash before the issuing court resolved a closely related pending motion). Like the "nearly identical" motions in *Coalition for App Fairness*, Celonis has filed a nearly identical motion to compel against another nonparty—Databricks, Inc.—seeking the same kinds of documents that it seeks from Palantir. *Compare* 25-CV-02519-VC, ECF No. 192 at 1 (describing that Celonis seeks documents from Databricks, Inc. concerning "Databricks' business relationship with SAP; SAP's restrictions on third-party access to SAP ERP data; and Databricks' customers'

ability to access their data using SAP Business Data Cloud") *with* 26-MC-0080-LLA, ECF No. 1-1 at 7–11 (describing that Celonis seeks documents from Palantir concerning essentially the same categories of information it seeks from Databricks, Inc.). Celonis filed its motion to compel against Databricks, Inc. in the Northern District of California, and Judge Kim will decide that motion and Databricks, Inc.'s motion to quash following a June 22, 2026 hearing. Yang Decl. at ¶ 10. Strangely, Celonis decided to bring Celonis's Motions against Palantir in this Court. 26-MC-0080-LLA, ECF No. 1. But it would be detrimental to the fairness of the discovery process to risk inconsistent rulings by Judge Kim and this Court if they arrive at different conclusions about Celonis's efforts to compel overbroad and irrelevant discovery from non-party competitors. This Court should therefore find that the Northern District of California is best positioned to rule on Celonis's Motions and transfer those Motions accordingly.

*Second*, Judge Kim is best positioned to assess the validity of Palantir's arguments regarding the (lack of) relevance presented by Celonis's subpoena requests. In *In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d 372 (D.D.C. 2017), the court ordered a subpoena-related motion to be transferred, reasoning,

> [R]uling on the enforceability of the subpoena would require an assessment of the relevance of the documents at issue to the complex claims being litigated in the underlying MDL; yet, this Court has limited exposure to and understanding of the primary action. [ ] By contrast, the judges who are presiding over the MDL are already knee-deep in the nuances of the underlying litigation, and thus are clearly in a much better position than this Court to evaluate relevance."

*Id*. at 381–82 (citation modified). Throughout the meet-and-confer process, Celonis could not meaningfully explain how Palantir's internal, subjective views of SAP's processes and practices are relevant to Celonis's claims or any other part of the underlying litigation. Yang Decl. at ¶ 6. Yet, its subpoenas to Palantir are largely focused on receiving Palantir's confidential, internal communications, despite Celonis's status as a direct competitor to Palantir. *See* **Exs. A, C.** Palantir

8

intends to raise the issue of relevance in its opposition to the motion to compel. Yang Decl. at ¶ 9. But resolving relevance questions will require more than just sound legal analysis—it will require at least a familiarity with Celonis's complex allegations against SAP and the highly technical nuances of the systems and offerings of SAP, Celonis, and Palantir. Accordingly, the Northern District of California is best positioned to rule on Palantir's relevance claims that will likely arise in litigating Celonis's motion to compel.

**Third**, the Northern District of California already has deep familiarity with the underlying litigation, which has been pending for more than a year. As the court in *Coalition for App Fairness* found, exceptional circumstances under Rule 45(f) exist when both the district judge and magistrate judge in the issuing district have "deep familiarity" with the underlying litigation. 2021 WL 3418805, at *2. Judge Chhabria has ruled on multiple complex motions to dismiss in the underlying litigation. 25-CV-02519-VC, ECF Nos. 100, 129, 170. Likewise, Judge Kim has ruled on multiple complex discovery disputes in the underlying litigation, and will hear oral argument on June 22, 2026, on the dueling motions to quash and compel brought by Celonis and Databricks, Inc. over nearly identical subpoena issues that Palantir now faces as well. *Id*. at ECF Nos. 110, 163, 174, 184, 202. Thus, because of their intimate familiarity with this complex antitrust and patent-infringement litigation and its accompanying discovery disputes, the Northern District of California is best positioned to rule on Celonis's Motions.

2.    <u>Refusing to transfer Celonis's Motions will disrupt the underlying litigation.</u>

Refusing to transfer Celonis's Motions risks disrupting the scheduling order and discovery practice in the complex underlying litigation. "[A]voiding disruption to complicated case management" is a relevant inquiry in determining whether exceptional circumstances exist to warrant transfer. *Princeton Alt. Funding, LLC v. SEC*, 2023 WL 4542992, at *2; *see also In re UBS Fin. Servs., Inc. of P.R. Sec. Litig.*, 113 F. Supp. 3d 286, 288 (D.D.C. 2015) (finding

exceptional circumstances warranting transfer in a complex securities matter). Courts have found that refusing to transfer would disrupt the underlying litigation when the underlying litigation involved "a time-sensitive discovery schedule[.]" *Duck v. SEC*, 317 F.R.D. 321, 325 (D.D.C. 2016); *see Google, Inc.*, 2015 WL 4930979, at *3 (D.D.C. July 31, 2015) (finding exceptional circumstances where "not transferring the subpoena-related motions carrie[d] with it the potential of interfering with the discovery timeline of the underlying litigation"); *Fed. Home Loan Mortg. Corp. v. Deloitte & Touche LLP*, 309 F.R.D. 41, 43 (D.D.C.2015) (finding exceptional circumstances where transfer would avoid interference with a "time-sensitive discovery schedule"). Courts have also found that refusing to transfer would likely disrupt the underlying litigation where the underlying litigation was particularly complex and involved multiple procedural and discovery-related orders. *See, e.g.*, *Wultz*, 304 F.R.D. at 45–47 (finding exceptional circumstances due to the "highly complex and intricate nature of the underlying litigation").

In the underlying litigation, here, there is inherent complexity and risk of disruption from involvement by other courts in resolving discovery matters because of the fast-approaching currently set discovery deadlines, *see* 25-CV-02519-VC, ECF No. 210, and Celonis's unresolved motion to extend the case schedule, *see id*. at ECF No. 188.  To try and keep this complex matter on track, Judge Kim has already ruled on several discovery disputes. *See supra*, Section II. But discovery disputes between the parties and between Celonis and nonparties are still pending resolution. Yang Decl. at ¶ 10.  And Judge Chhabria still must consider Celonis's request to extend the case schedule.  *See* 25-CV-02519-VC, ECF No. 188. While Palantir does not doubt this Court's ability to thoughtfully and expeditiously rule on Celonis's Motions, this Court may operate on a different schedule or at a different pace than Judge Kim or Judge Chhabria. Given the complexity of the allegations, the uncertainty about whether there will be changes to the discovery deadlines,

10

and the various discovery rulings already made by Judge Kim, involving another court in the process of resolving discovery disputes is likely to interfere with the careful balancing of interests that Judge Chhabria and Judge Kim have undertaken in crafting their scheduling order and discovery-related rulings. Avoiding disruption of the underlying litigation weighs in favor of granting Palantir's motion.

3.    Transferring Celonis's Motions does not impose any undue burden or cost on Palantir—the nonparty subpoena recipient requesting transfer.

In some cases in which a party seeks transfer, courts balance the extraordinary circumstances that favor transfer against the burden to the party that is the subject of the subpoena. *See, e.g.*, *Google, Inc.*, 2015 WL 4930979, at \*4. This balancing is appropriate because "the prime concern should be avoiding burdens on local nonparties subject to subpoenas." Fed. R. Civ. P. 45, Advisory Comm. Notes (2013 Amendment). No such balancing is required here. Palantir is the nonparty subject to the subpoena, and Palantir seeks this transfer. To the extent this factor remains relevant to the Court's analysis, it weighs in favor of granting Palantir's present motion.

**IV.    REQUEST TO STAY RESPONSE DEADLINES**

Palantir respectfully requests that the Court stay any deadlines to respond to Celonis's Motions until the Court has ruled on Palantir's motion to transfer.  Because the Court's ruling on the motion to transfer will fundamentally determine which Circuit's precedent is to be applied to Celonis's Motions, such a stay is appropriate.

**V.    CONCLUSION**

For the foregoing reasons, the Court should grant Palantir's motion to transfer Celonis's Motions to the Northern District of California.

11

Dated: June 5, 2026

Respectfully submitted,

TONI MICHELLE JACKSON
D.C. Bar No. 453765
**CROWELL & MORING LLP**
1001 Pennsylvania Ave NW
Washington, D.C. 20004
Telephone: 212.803.4020
Email: tjackson@crowell.com

BY: _____

GRACE YANG (*pro hac vice*)
JORDAN DICKSON (*pro hac vice*)
**CONRAD | METLITZKY | KANE LLP**
217 Leidesdorff Street
San Francisco, California 94111
Telephone:    (415) 343-7100
Facsimile:    (415) 343-7101
Email:    gyang@conmetkane.com
Email:    jdickson@conmetkane.com


*Attorneys for Palantir Technologies Inc.*

12